# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**UNITED STATES OF AMERICA,**

v.

**STACY LEON BUTLER,**

Defendant.

Criminal No. 6:02-cr-17-002 (HL)

## ORDER

Before the Court is Defendant Stacy Leon Butler's Motion to Address the Court (Doc. 94). In his Motion, Mr. Butler argues that he is not obligated to pay restitution while he is incarcerated. In response, the United States argues that Mr. Butler is responsible for restitution payments while in prison based on 18 U.S.C. § 3572(d)(1). This statute provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.…" 18 U.S.C. § 3572(d)(1).

In this case, Mr. Butler was sentenced to 155 months in prison, followed by five years of supervised release, and he was ordered to pay $23,472.43 in restitution. The Schedule of Payments, executed as part of the judgment against Mr. Butler, has two boxes checked, indicating the method in which Mr. Butler should pay his restitution. (Doc. 94-1, p. 1.) The first box checked is Option B,

1

which says that payments should begin "immediately." Id. However, Option B notes that it can be combined with Option D. Option D provides for "payments in monthly installments of $404.70 over a period of 58 months to commence 60 days after release from imprisonment to a term of supervision." Id. The frequency of the payments, amount of the payments, length of time in which payments can be made, and start date for the payments were all designed expressly for Mr. Butler. Id. Option D constitutes a special financial plan intended specifically for Mr. Butler.

The existence of a special payment plan suggests that Mr. Butler is correct in his contention that he should not have to pay restitution while he is imprisoned. This payment plan demonstrates that 18 U.S.C. § 3572(d)(1), cited by the United States, weighs in favor of Mr. Butler. Further, the underlying purpose of the Bureau of Prisons' ("BOP") financial responsibility program also weighs in favor of Mr. Butler. *See* 28 C.F.R. § 545.10. The stated purpose of the program is to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." Id. As part of the financial responsibility program, prison staff members assist inmates in developing financial plans to begin their court-ordered payments. Id. In return for participation in the plan, "staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." Id. Use of the word 'encourage' in the language of § 545.10, as well as the possibility for favorable

2

review for those inmates who participate in the program, persuades this Court that the program is not mandatory.

The Court's development of a payment plan tailored specifically for Mr. Butler, as well as the optional nature of the BOP's financial responsibility program, convinces the Court that Mr. Butler is not obligated to make restitution payments while he is in prison. He may opt out of payments during his incarceration; however, according to his Schedule of Payments, he must begin monthly payments of $404.70 within sixty days of his release from prison.

**SO ORDERED**, this 20th day of June, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr